GEORGIA, CAROLINA & NORTHERN RY. CO. *v.* McELROY *et al.*

FISH, J. 1. Where the defendant to an action in a city court traverses the sheriff's entry of service, and the issue is found against the traverse, and thereupon the defendant sues out a writ of certiorari, designating as the adverse parties thereto the plaintiff in the original action and the sheriff, it is necessary that notice of the sanction of the writ of certiorari and of the time and place of hearing the same be given to the sheriff, and in default of such notice to him the certiorari will be dismissed upon motion of the other defendant therein.

2. A motion by the attorney for plaintiff in certiorari to make an entry that he, the attorney, has given the required notice to the sheriff, should not be allowed, when he states to the court that he will not swear, or state positively, that he has served such notice upon the sheriff, but will say that to the best of his knowledge and belief he has done so.

*Judgment affirmed. All concurring, except Cobb, J., disqualified.*

Argued February 1, — Decided February 27, 1900.

Certiorari. Before Judge Candler. DeKalb superior court. January 7, 1899.

*Erwin & Brown, Vasser Wooley,* and *W. W. Braswell,* for plaintiff in error. *Albert & Hughes,* contra.

---

SASSER *et al. v.* SASSER, guardian.

LUMPKIN, P. J. A careful examination of the record discloses no reason for holding that this case does not fall within the established rule that the granting or refusal of an injunction by a judge of the superior court upon conflicting evidence will not be disturbed by the Supreme Court unless it appears that there has been an abuse of discretion.   *Judgment affirmed. All the Justices concurring.*

Submitted February 3, — Decided February 27, 1900.

Petition for injunction. Before Judge Evans. Screven county. September 2, 1899.

*Oliver & Overstreet,* for plaintiffs.